IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. PX-25-079** |
| | : | |
| KIMBERLY GOODWIN | : | |
| | : | |
| Defendant. | : | |

:::::::::::::::::::::::::::::::::::::::::

**RESPONSE TO GOVERNMENT'S CONSOLIDATED MOTION**
***IN LIMINE* AND MOTION FOR RECIPROCAL DISCOVERY**

Defendant Kimberly Goodwin ("Ms. Goodwin"), by and through her counsel, William C. Brennan, Jr., and Brennan, McKenna & Lawlor, Chtd., respectfully responds to the Government's Consolidated Motions *In Limine* and Motion for Reciprocal Discovery (ECF 51).

**I.  Motions to Preclude Evidence or Argument**

The government has moved *in limine* to preclude certain arguments which could possibly be made by defense counsel at trial. The motion is premature in as much as legal argument and responses to evidence develop at trial in the context of the adversarial process. Defense counsel is an officer of the Court and is familiar with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the case law of the U.S. Court of Appeals for the Fourth Circuit. As a member of the bar of this Court for nearly 50 years (*U.S. v. Mandel*, Crim. No. HM75-0822) counsel will make arguments that are supported by the facts and consistent with the case law.

### A. Eliciting Jury Nullification

Defense counsel is familiar with this issue and will abide by the applicable case law.

### 1. Quality of Performance of Defendant as a Union Employee and Officer

Defense counsel has reviewed in discovery many statements from Local 2419 members who complain about the quality of the representation provided by Ms. Goodwin as either an officer of local 2419 or as a member of Good Leaders. Defense counsel agrees with the statement in the government's motion that, "Whether the Local 2419 members were satisfied with the representation provided by Defendant is neither relevant to the matters before the jury nor admissible character evidence pursuant to FRE 404 and 608." Ms. Goodwin agrees.

Interestingly, the government has claimed in paragraph 17 of the indictment that, "On August 7, 2019, Defendant Goodwin agreed to resign from her employment with NIH in settlement of several outstanding grievances file by her and to avoid being terminated." The implication of this statement is that Ms. Goodwin was terminated from NIH for some sort of misconduct. She has moved *in limine* to exclude this evidence. So, if the government does not disparage the quality of the performance of Ms. Goodwin, then there will be no reason for the defense to offer evidence to the contrary. However, if the government offers evidence of poor performance by Ms. Goodwin, then she reserves the right to counter that evidence.

## 2. Culpability of Other Parties or Other Potential Defendants

The government has asserted that, "[c]riminal defendants often raise the specter of potential defendants not charged, or the alleged misconduct of other individuals, to encourage the jury to ignore the merits of the case against them."

Again, it is impossible to respond to this statement in the abstract. The work and activity of other officers and members of Local 2419 or employees NIH will be discussed by the government in this case. Ms. Goodwin reserves the right to appropriately respond to the government's evidence on this issue.

## 3. Alternative Civil Remedies

Ms. Goodwin agrees with this portion of the government's motion. She has moved *in limine* to preclude the government from mentioning or offering in evidence the alternate civil remedy of the trusteeship imposed upon Local 2419 by the national union in 2022 - 2023. Specifically, she has moved to exclude paragraph 24 of the indictment which discusses the alternate civil remedy – and findings – of the trusteeship. Ms. Goodwin will not discuss this alternative civil remedy of the trusteeship if the government does not discuss it.

## 4. Conduct of Government Prosecutors and Investigators

Ms. Goodwin will not, of course, inject "the prosecutor's personal life and individual efforts into the decisional mix [to invite] the jury to consider irrelevant matters beyond the record" as feared by the government. But Ms. Goodwin reserves

the right to argue to the jury that, "A fair trail is based upon a fair investigation." That is fair argument.

### B. Hardships or Adverse Impact of Prosecution; Family Needs; and Medical Conditions

Ms. Goodwin agrees.

### C. Penalties Faced by Defendant

Ms. Goodwin agrees.

### D. "Golden Rule" Arguments

Ms. Goodwin agrees.

### E. Allegations of Witness Wrongdoing Not Involving Dishonesty

Counsel for Ms. Goodwin will follow the federal rules and case law and cross examine as appropriate in this case.

## II. Motions Related to Testimony of Witnesses

### A. Government Witnesses Testifying Under Immunity

Ms. Goodwin agrees.

### B. Precluding Use of Interview Summaries as Statements Under the Jencks Act

Ms. Goodwin agrees that the government has accurately summarized the law on this issue and defense counsel will follow the law.

4

### C. Limit Cross-examination to Matters Permitted under Fed. R. Evid. 608 and 609

Counsel for Ms. Goodwin will follow the federal rules and case law and cross examine as appropriate in this case.

### D. Calling Witnesses as Grounds to Impeach or Cross-examine Them

Counsel for Ms. Goodwin will follow the federal rules and case law and cross examine as appropriate in this case.

## III.    Motions Related to Documentary Exhibits

### A. Admissibility of Duplicates and Photocopies

Ms. Goodwin agrees.

### B. Summary Exhibits

Ms. Goodwin agrees.

### C. Demonstrative Exhibits

Ms. Goodwin agrees, subject to review of the proffered items.

## IV. Motions Related to Conduct of the Trial

### A. Agent At Counsel Table

Ms. Goodwin agrees.

### B. Submission of the Indictment to the Jury

Ms. Goodwin objects to the submission of the indictment to the jury. The indictment in this case is more than a mere factual recitation of the evidence in the case. It is worded in such a fashion as to be argumentative and contains allegations

that are not admissible in evidence. For example, paragraphs 17 and 24 refer to supposed misconduct by Ms. Goodwin that is both incorrect and stated as a *fait accompli*. Paragraph 17 is not admissible (termination for cause) and paragraph 24 ("findings" after a "hearing") must be determined by the jury in this case – not by administrators at NIH or officials of the national union.

## V. Requests for Reciprocal Discovery

Ms. Goodwin will provide reciprocal discovery this week.

July 20, 2026                                   Respectfully submitted,

                                                _____/s/_____
                                                William C. Brennan, Jr.
                                                Brennan, McKenna & Lawlor, Chtd.
                                                6305 Ivy Lane, Suite 700
                                                Greenbelt, Maryland 20770
                                                301-474-0044
                                                wbrennan@brennanmckenna.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2026, a copy of the foregoing was sent to counsel for the Government via ECF.

                                                _____/s/_____
                                                William C. Brennan, Jr.

6